IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TOMAS ANDREW PARKER<br>Plaintiff<br>vs<br>DEPARTMENT OF THE TREASURY;<br>INTERNAL REVENUE SERVICE<br>Defendants | CIVIL 11-2008CCC |

**OPINION AND ORDER**

Plaintiff, Tomas Andrew Parker (Parker), filed a pro se complaint (docket entry 1) against the U.S. Department of the Treasury and the Internal Revenue Service (defendants) claiming that these two agencies have withheld money from his Social Security pension and placed a lien on his property, and are now seeking to enforce a levy against the liened property, all "without due process of law." He requests that defendants be ordered to return the money withheld, that the lien be released, and that defendants be barred from issuing the intended levy. Defendants have moved for dismissal of the complaint (**docket entry 4**), arguing that the Court lacks personal jurisdiction over them and subject-matter jurisdiction over the claims. They contend that, even if there were personal and subject-matter jurisdiction, the allegations fail to state a plausible claim upon which relief can be granted. Parker has opposed dismissal (docket entry 5). He insists, in conclusory fashion, that there is jurisdiction to entertain his complaint and that he would be able to prove facts in support of his constitutional claims.

We need not dwell on the jurisdictional challenges raised by defendants. To survive their motion to dismiss, Parker's complaint must contain sufficient factual allegations, which if accepted as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662; 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Parker avers that defendants have already deprived him, or intend to deprive him, of property without due process of law. Under the

CIVIL 11-2008CCC                              2

Fifth Amendment's Due Process Clause, no person may be deprived of life, liberty, or property without reasonable notice and an opportunity to be heard.  See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314; 70 S.Ct. 652 (1950).

It is well settled that an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," id; see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542; 105 S.Ct. 1487 (1985).  Parker was required by the plausibility pleading standard to state in his complaint sufficient facts that would establish that the government taking of his property was without such notice.  The factual allegations of the complaint are that defendants "deprive[d him] of his property by unlawfully withholding from Plaintiff's Social Security pension" (Complaint, at ¶ 4), "plac[ing] a lien on [his] property" (Complaint, at ¶ 6), and "informing that [they] will levy against . . . [his] property." (Complaint, at ¶ 5).

He has failed to plead that he was unaware of the withholding and/or levy because the defendants neglected to notify him, or, that any notice actually received was deficient for failing to provide him with the opportunity to challenge the defendants' actions.  He attempts to fill this factual **deficiency in the complaint** by labeling as "unlawful" the withholding from his pension, claiming that the lien was placed "without due process of law" and that the threatened levy was "without due or proper cause."  "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Plaintiff never explains what rendered those acts "unlawful," "without due process of law," or "without due or proper cause."  He does nothing more than allege raw legal conclusions with absolutely no facts supporting in this respect.

We are mindful that Parker is a pro se plaintiff and that his "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

CIVIL 11-2008CCC                                            3

drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106; 97 S.Ct. 285 (1976).  But, having liberally construed plaintiff's allegations and having given him the benefit of any doubt, the Court must conclude that his complaint is deficient.  Its factual allegations are simply insufficient to state a plausible claim.  A liberal construction does not require that the Court supply the concrete factual contents that is missing.

Given that plaintiff's complaint does not "plead enough facts to state a claim to relief that is plausible on its face," Ashcroft, 129 S.Ct. at p. 1949), it cannot survive defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Accordingly, the United States' Motion to Dismiss (**docket entry 4**) is GRANTED.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on August 20, 2012.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge